**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DEVIN COLEMAN,                )
                             )
            Plaintiff,        )
                             )    C.A. No. 25-1114-GBW-LDH
    v.                       )
                             )                          FILED
DR. SHYAM S. SINGAREDDY,      )
                             )              JUL 2 0 2026
            Defendant.        )

**REPORT AND RECOMMENDATION** U.S. DISTRICT COURT DISTRICT OF DELAWARE

Pending before the Court is Defendant Dr. Shyam S. Singareddy's motion to dismiss *pro se* Plaintiff Devin Coleman's Complaint for failure to state a claim upon which relief may be granted. (D.I. 16). For the following reasons, I recommend DENYING Defendant's motion.

## I.    BACKGROUND

Mr. Coleman, incarcerated at James T. Vaughn Correctional Center ("JTVCC"), has sued prison officials many times. (D.I. 3 at 9). In this action, he alleges that Dr. Singareddy, the Chief Medical Officer at JTVCC, was deliberately indifferent to Mr. Coleman's medical needs and retaliated against him for having sought prior relief. (*See generally* D.I. 3).

Mr. Coleman's instant Complaint alleges that he suffered from severe eye pain. After various providers treated Mr. Coleman between January 2024 and March 2024, Dr. Singareddy saw Mr. Coleman on March 27, 2024. (*Id.* at 5-7). During this visit, Mr. Coleman explained that his eyes hurt in the light and requested authorization to wear sunglasses indoors. (*Id.* at 7). Dr. Singareddy allegedly turned on the lights, shined a flashlight into Mr. Coleman's eye, and said "I don't see any pain you look fine." (*Id.*) Dr. Singareddy then allegedly denied Mr. Coleman any accommodations. (*Id.*) When Mr. Coleman asked Dr. Singareddy, "why did you even come if you knew you weren't going to do anything," Dr. Singareddy allegedly responded: "You're the

1

one filing lawsuits." (*Id.*)

Between April and November 2024, Mr. Coleman continued seeking treatment for eye pain. He explains that the pain was so severe that it caused him to cancel a colonoscopy because there would have been "unobstructed exposure to the overhead lights." (*Id.* at 11). Other providers Mr. Coleman sought out turned him away "due to on-going litigation" as they were instructed that Mr. Coleman's care would be overseen by Dr. Singareddy alone. (*Id.* at 7-8). Mr. Coleman alleges that at one point he acquired an optometry consult, but by Dr. Singareddy cancelled it because there was "no medical indication to see optometry or ophthalmology." (*Id.* at 8).

In June of 2025, Mr. Coleman alleges that he requested a low-light job assignment or indoor use of sunglasses as a medical accommodation for his eye pain. (*Id.* at 9). He avers that the request was denied, and he was instead assigned to work in a bright-light kitchen that aggravated his eye condition. (*Id.*). He asserts that Dr. Singareddy was responsible for denying the request, opining that there was "no need for patient to change job." (*Id.*).

Eventually, Mr. Coleman obtained an appointment with an outside "eye physician and surgeon" in July 2025. (*Id.*) Mr. Coleman explains that the physician recommended indoor use of sunglasses and housing in "dimmed or extinguished lighting." (*Id.*).

On September 8, 2025, Mr. Coleman initiated this § 1983 action against Dr. Singareddy asserting First Amendment retaliation and Eighth Amendment deliberate indifference claims. Dr. Singareddy now moves to dismiss Mr. Coleman's Complaint for failure to state a claim. (D.I. 16).

## II.    LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as

2

true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.    DISCUSSION

### A.    Failure to Exhaust

Dr. Singareddy argues that Mr. Coleman has not plead exhaustion of administrative remedies consistent with the Prison Litigation Reform Act, 42 U.S.C. §1997e ("PLRA"), and thus his Complaint should be dismissed under *Martinez v. Gardener*, C.A. No. 20-243-RGA, 2020 WL 6870006, at *2 (D. Del. Nov. 23, 2020). (D.I. 16 at 5; D.I. 22 at 3).

In *Martinez*, this Court dismissed a prisoner's § 1983 complaint because the plaintiff there "admit[ted] in the Complaint that the grievance process was not complete when he commenced this action." *Martinez*, 2020 WL 6870006, at *3. By contrast, Mr. Coleman makes no such admission here. Instead, his Complaint identifies certain grievances by number and date of filing. (*See, e.g., id.* at 8). His Compliant also checks boxes for "Yes" when asked if he "file[d] a grievance concerning the facts related to this complaint" and whether "the grievance process was

3

completed." (D.I. 3 at 8). At this stage, Mr. Coleman's Complaint is sufficient. *See King v. Doe*, No. 10-573 JBS/AMD, 2011 WL 2669221, at *4 (D. Del. July 6, 2011) (suggesting that checking "Yes" in response to the question: "Have you fully exhausted your available administrative remedies regarding each of your present claims?" indicates that Complaint alleges that plaintiff exhausted administrative remedies). Although Dr. Singareddy deems these averments insufficient because "no short plain statement was provided to satisfy Rule 8 that the grievance process was exhausted," (D.I. 22 at 4), he offers no other authority to support such a pleading requirement.

Rather, as Dr. Singareddy acknowledges (D.I. 22 at 2), failure to exhaust is an affirmative defense that a defendant must plead and prove. *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). "Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint." *Hickman v. Donovan*, No. 22-38 (MN), 2025 WL 2410092, at *5 (D. Del. Aug. 20, 2025) (citing *Jones v. Bock*, 549 U.S. 199, 211-17 (2007) and *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013)). Accordingly, because any alleged failure to exhaust here is not "apparent from the face of the complaint," and because Dr. Sinareddy has not proved a failure to exhaust, I recommend denying Dr. Singareddy's motion on this ground. *See Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024) (explaining that dismissal for failure to exhaust is appropriate under Rule 12(b)(6) where a prisoner's failure to exhaust under the PLRA is "apparent from the face of the complaint").

### B. Retaliation

To state a *prima facie* case of First Amendment retaliation, "a prisoner must plausibly allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action." *Pepe v. Lamas*, 679 F. App'x 173, 175 (3d Cir. 2017) (citing *Rauser v. Horn*, 241 F.3d

4

330, 333 (3d Cir. 2001)). Dr. Singareddy does not appear to contest that Mr. Coleman's prior lawsuits and/or grievances constitute protected activity[1] and that Mr. Coleman has plausibly alleged that he suffered an adverse action when he was denied medical treatment.[2] Instead, Dr. Singareddy argues that Mr. Coleman has not plead how his filing of lawsuits and/or grievances was a substantial or motivating factor causing Dr. Singareddy to allegedly cancel Mr. Coleman's eye doctor appointments. In Dr. Singareddy's view, allegedly stating "you are the one filing lawsuits" was a comment made at "the end of the examination, after Defendant reviewed the Plaintiff's medical records and performed a physical exam of the Plaintiff, and after Defendant made their medical diagnosis." (D.I. 16 at 10-11).

"Once a prisoner establishes a prima facie case of retaliation, the burden then shifts to the defendant to establish that he would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest (the 'same decision' defense)." *Pepe*, 679 F. App'x at 176 (citing *Rauser*, 241 F.3d at 334; *Watson v. Rozum*, 834 F.3d 417, 425-26 (3d Cir. 2016)). However, it makes "little sense" to dismiss on the basis of the "same decision" defense at the pleading stage. *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997); *Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007)). To the extent Dr. Singareddy maintains he "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest," he seeks dismissal at the Rule 12(b)(6) stage on the basis of the "same decision" defense. Even if I could arguably conclude that the defense appears on the face of Mr. Coleman's Complaint, under the circumstances the defense

---

[1] *See Cordero v. Warren*, 612 F. App'x 650, 652-53 (3d Cir. 2015); *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003).

[2] At least one federal district court has found that interference with required medical appointments can rise to the level of an "adverse action." *See Oliver v. Calderon*, Case No. 17-1792, 2019 WL 1254844, at *5 (M.D. Fla. Mar. 19, 2019) ("Plaintiff's allegations that Defendants prevented him from attending medical appointments and denied him medical treatment as a result of filing grievances, if proven true, support a First Amendment violation.").

is "fact-specific and should be decided by the fact-finder." *Williamson v. Bolton*, No. 24-2246, 2025 WL 1232624, at *2 (3d Cir. Apr. 29, 2025) (citing *Baldassare v. State of N.J.*, 250 F.3d 188, 195 (3d Cir. 2001)).

As a result, I find Mr. Coleman's retaliation claim sufficiently plead at this stage,[3] and I recommend denying Dr. Singareddy's motion on this ground. *See Baez v. Jin*, No. 17-1375, 2018 WL 4017685, at *3 (W.D. Pa. July 18, 2018), *report and recommendation adopted,* No. 17-1375, 2018 WL 4011564 (W.D. Pa. Aug. 22, 2018) ("Plaintiff avers that he filed numerous grievances and lawsuits against the Medical Defendants. He further avers that, in retaliation for the filing of the grievances and the lawsuits, they have refused to provide him with necessary medical treatment. The Court finds that, at this stage of the proceeding, the allegations are sufficient to set forth a claim for retaliation.").

## C. Deliberate Indifference

To state a claim for deliberate indifference, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Relying on *Lofland v. Young*, No. 23-530-JLH, 2025 WL 775467, at *3 (D. Del. Mar. 11, 2025), Dr. Singareddy argues that denying Mr. Coleman's request for accommodations for his eye pain does not rise to deliberate indifference. (D.I. 16 at 14).[4]

---

[3]    In arguing that Mr. Coleman has not stated a retaliation claim, Dr. Singareddy appears to also maintain that "the mere allegations that the Defendant made the comment 'You're the one filing lawsuits' during the Plaintiff's medical exam" and "that Defendant allegedly canceled Plaintiff's eye appointments . . . do not rise to the level of misconduct upon which relief can be granted." (D.I. 16 at 9). Dr. Singareddy offers no authority substantiating this view. Regardless, I do not find that it compels dismissal.

[4]    Dr. Singareddy seems to dispute whether Mr. Coleman has alleged a "serious medical need," stating (without further explanation) that Mr. Coleman "does not allege that he incurred harm that could be inferred or construed as 'serious harm.'" (D.I. 16 at 13). Dr. Singareddy does not offer any authority requiring me to find at the Rule 12(b)(6) stage Mr. Coleman's eye condition not serious or otherwise insufficient to support a deliberate indifference claim, especially in light of Mr. Coleman's averments.

6

In *Lofland*, the plaintiff asserted that defendants acted with deliberate indifference to his ongoing throat pain by failing to provide plaintiff with a tonsillectomy. 2025 WL 775467, at *3. But there, the Court granted defendants' Rule 12(b)(6) motion to dismiss plaintiff's deliberate indifference claim noting that "there is nothing in the record to suggest an Eighth Amendment violation, as opposed to a mere disagreement over the proper medical treatment for his alleged throat pain." *Id.* Indeed, the Court noted that plaintiff "alleged no facts suggesting that [defendant] had a reason to believe that Plaintiff was not being treated appropriately" and that another offsite provider had corroborated defendants' diagnosis that a tonsillectomy was contraindicated. *Id.* at *3-4. By contrast, Mr. Coleman's Complaint does give rise to the plausible inference that Dr. Singareddy knew Mr. Coleman was not getting treatment for eye pain (D.I. 3 at 8 ¶ 7), and an offsite eye physician afforded Mr. Coleman with the medical accommodations Dr. Singareddy's previously withheld (Id. at 9 ¶¶ 20-21). Accordingly, because *Lofland* does not compel dismissal, I recommend denying Dr. Singareddy's motion on this ground.

## IV.   CONCLUSION

For the foregoing reasons, I recommend DENYING Defendant's motion to dismiss. I FURTHER RECOMMEND that Defendant shall answer the Complaint within thirty (30) days of the Court's adoption of this Report and Recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or

the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

Date: July 20, 2026

_____
United States Magistrate Judge